Filed 10/13/2015 11:03:56 AM
Stacey Landrum,
District Clerk
Hunt County, Texas

CAUSE NO. ___82470___                                              CS

| | | |
|---|---|---|
| SCOTT STEGALL, | § | IN THE DISTRICT COURT |
| TAMMY STEGALL, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HUNT COUNTY, TEXAS |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 196th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SCOTT AND TAMMY STEGALL (the "STEGALLS" and/or "Plaintiffs"), and complains of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully shows unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiffs affirmatively plead this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiffs seek monetary relief over $100,000.

### II. PARTIES

2.1    Plaintiffs, SCOTT AND TAMMY STEGALL, are residents of Hunt County, Texas.



PLAINTIFF'S SCOTT AND TAMMY STEGALL'S ORIGINAL PETITION                    PAGE -1-

2.2    Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, is a foreign corporation engaged in the business of insurance in this state.  It may be served with process by serving its registered agent, National Registered Agents, Inc., by certified mail, return receipt requested, at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

### III.  JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2    Venue is proper in Hunt County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Hunt County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1    Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1    All conditions precedent to recovery have been performed, waived, or have occurred.

### VI.  FACTS APPLICABLE TO ALL COUNTS

6.1    The STEGALLS are the owners of a Texas Homeowner's Policy number 936966096 issued by ALLSTATE (the "Policy").

6.2     The STEGALLS own the insured property, which is specifically located at 2907 Tanglewood Dr., Commerce, Texas 75428 (the "Property").

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

6.4     On or about June 17, 2015, the STEGALLS experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiffs' home.

6.5     The STEGALLS timely submitted a claim to ALLSTATE. ALLSTATE assigned various adjusters to adjust the claim. However, ALLSTATE and and its agents were not diligent in investigating Plaintiffs' loss. ALLSTATE failed to timely and accurately investigate the covered loss. ALLSTATE assigned claim number number 0372959700 PLT to the STEGALL'S claim.

6.6     Ultimately, ALLSTATE, inspected the STEGALL'S property after the storm. During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of the STEGALL'S claim, including determining the cause of, and then quantifying the damage done to the STEGALL'S home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust the STEGALL'S claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to the STEGALL'S, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to the STEGALLS.

6.9    Defendant ALLSTATE failed to perform their contractual duty to adequately compensate the  under the terms of the Policy.  Specifically, Defendant ALLSTATE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the STEGALLS.  Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10    Defendant ALLSTATE misrepresented to the  STEGALLS that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the STEGALLS.  Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant ALLSTATE failed to make an attempt to settle the STEGALL'S claims in a prompt and fair manner, although they were aware of their liability to the STEGALLS was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant ALLSTATE failed to explain to the STEGALLS why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle the STEGALL'S claims.  Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant ALLSTATE failed to affirm or deny coverage of the STEGALL'S claim within a reasonable time. Specifically, the STEGALLS did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant ALLSTATE refused to fully compensate the STEGALLS under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of the STEGALL'S losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ALLSTATE misrepresented the insurance policy sold to the STEGALLS by (1) making an untrue statement of material fact regarding coverages; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ALLSTATE failed to meet their obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of the STEGALL'S claim, and requesting all information reasonably necessary to investigate the STEGALL'S claim within the statutorily mandated deadline. Defendant's conduct constitutes a

violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

6.18    Defendant ALLSTATE failed to accept or deny the STEGALL'S full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, the STEGALLS have not yet received full payment for their claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time the STEGALL'S claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant ALLSTATE has refused to pay the STEGALLS in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, the STEGALLS were forced to retain the professional services of the attorney and law firm who are representing the STEGALLS with respect to these causes of action. On or about August 11, 2015, the STEGALL'S counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about August 13, 2015, the STEGALL'S counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter the

Defendant. The letter informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiffs' claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. Defendant acknowledged the letter, then either denied the Demand, or allowed the sixty days to elapse without further attempting to resolve the claim.

6.23   To date, Defendant ALLSTATE has failed to and refused to pay the STEGALLS for the proper repair of the property. The STEGALL'S experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1   Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2   **COUNT 1 - BREACH OF CONTRACT**

a.   At the time of the loss, Plaintiffs had a policy of insurance in place, issued by Defendant (the "Policy"). Plaintiffs fully performed his contractual obligations by making premium payments as required by his insurance contract, and at all times complied fully with all material provisions of the Policy.

b.   According to the Policy that Plaintiffs purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered

damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

    c.    Defendant ALLSTATE's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

### 7.3    COUNT 2 - PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

    a.    Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiffs' claim under the Policy in a timely manner. Defendant ALLSTATE violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

    b.    All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiffs' damages that are described in this petition. Defendant ALLSTATE is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendant ALLSTATE owes Plaintiffs any additional money on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

### 7.4   COUNT 3 -   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.

a.      As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiffs as its insured. Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By their acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claim, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

i.      Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

ii.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

iv.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

v.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

vi.    Misrepresenting the insurance policy sold to Plaintiffs by (1) making an untrue statement of material fact regarding coverages; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverages; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.    Defendant ALLSTATE has also breached the Texas Insurance Code when it breached their duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

d.    All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiffs' damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5    COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND
COMMERCE CODE § 17.46, ET SEQ.

a.     Plaintiffs is a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code. The Plaintiffs has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.     By their acts, omissions, failures, and conduct that are described in this petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

i.     Unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiffs as to whom was representing whom, and had whose best interests in mind. This gives Plaintiffs the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

iii.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of

a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

    iv.    As described in this petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA;

    v.    Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiffs the right to recover under Section 17.46(b)(13) of the DTPA;

    vi.    Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

    vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed. This gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA;

    viii.    Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.    Defendant's conduct, acts, omissions, and failures as described in

this petition, are unfair practices in the business of insurance in violation of Section

17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas

Insurance Code are an enabling statute.

c.    All of the above-described acts, omissions, and failure of Defendant is a

producing cause of Plaintiffs' damages that are described in this petition. All of the above-

described acts, omissions, and failures of Defendant were done knowingly and

intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices

Act.

7.6    **COUNT 5 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a.    By its acts, omissions, failures, and conduct, Defendant has breached their

common law duty of good faith and fair dealing by failing to pay the proper amounts on

Plaintiffs' entire claim without any reasonable basis, and by failing to conduct a reasonable

investigation to determine whether there was a reasonable basis for this denial. Defendant

has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim,

and by failing to settle Plaintiffs' entire claim because Defendant knew or should have

known that it was reasonably clear that the claim was covered. These acts, omissions,

failures, and conduct of Defendant is a proximate cause of Plaintiffs' damages.

7.7    **COUNT 6 - MISREPRESENTATION**

a.    Defendant ALLSTATE is liable to Plaintiffs under the theories of

intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant

ALLSTATE did not inform Plaintiffs of certain exclusions in the policy.

Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention

that they should be relied upon and acted upon by Plaintiffs, who relied on the misrepresentations to his detriment. As a result, Plaintiffs has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ALLSTATE is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1    Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1    All the damages described and sought in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $200,000 but not more than $1,000,000.

9.2    The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4) attorney fees. The Plaintiffs is entitled to recover consequential damages from Defendants' breach of contract. The Plaintiffs is also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

9.3    Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs is entitled to additional

---

damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs is entitled to recovery of up to three times actual damages. Plaintiffs is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

9.4 Defendant's breach of their duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

10.1 As a result of Defendant's conduct that is described in this petition, Plaintiffs has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiffs is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. DISCOVERY

11.1 Under the Texas Rule of Civil Procedure 194, the Defendant are requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (1). Plaintiffs' Requests for Disclosure, Requests

---

for Production, Interrogatories, and Requests for Admissions are attached, for service at the time

of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs SCOTT AND TAMMY

STEGALL pray that Defendant ALLSTATE FIRE AND CASUALTY INSURANCE

COMPANY be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have

and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with

the rules of law and procedure, as to economic damages, actual damages, consequential damages,

statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and

Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,

Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for

any other and further relief, at law or in equity, to which Plaintiffs may show himself to be justly

entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
2611 Cypress Creek Parkway, Suite H-200
Houston, Texas 77068
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com
**ATTORNEY FOR PLAINTIFF**